# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0707
Filed May 13, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Michael Glen Fisher,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Monroe County,
The Honorable Elisabeth Reynoldson, Judge.

————————————

**AFFIRMED**

————————————

Debra S. De Jong, Orange City, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Michael Fisher appeals his convictions and sentences for four counts of assault while displaying a dangerous weapon. He argues there was insufficient evidence that he (1) displayed a firearm in a threatening manner and (2) that he was not acting with justification. Fisher also argues the district court abused its discretion by declining to suspend his sentences in favor of probation and imposing consecutive sentences. Upon our review, we affirm Fisher's convictions and sentences.

## BACKGROUND FACTS AND PROCEEDINGS

It was homecoming week in Albia, Iowa in October 2024. As part of the homecoming festivities, four boys planned on TP-ing[1] several homes in the area. And the boys sought the permission from the homeowners of the houses they intended to TP. The night was going to end by TP-ing one of the boys' own homes.

Around nine o'clock in the evening, the boys arrived at the final home. The boys parked in front of Fisher's home. Fisher was inside watching television with his sister. The boys collected toilet paper rolls from the trunk and backseat of their car and began to walk toward the home they were going to TP. As they crossed the street, the boys heard a shout to "Get the fuck over here now." The yelling came from Fisher's yard where he stood with a handgun in his hand. Hearing multiple yells, the boys turned and walked towards Fisher's yard.

Once the boys were in his yard, Fisher, still armed with a handgun told them, "You're not fucking going anywhere. Stay right here. You can't

---

[1] This terms refers to the act of "toilet papering": throwing rolls of toilet paper over a person's house.

leave." One of the boys pleaded with Fisher that they had done nothing wrong. In response, Fisher pointed the gun at the boy and ordered him to stand in a specific spot. Fisher then told the boys he was going inside to call the police and if they tried to leave, "this thing will get you," referring to his gun.

One of the boys' mothers came to the scene seeing her son was at Fisher's yard for some time. When she arrived, Fisher's gun was inside the house. She told Fisher the whole situation was a misunderstanding and asked if the boys could leave. Fisher declined and said everyone needed to wait for the police. Police arrived on the scene and Fisher told them he thought the boys were going to "launch something" at an elderly neighbor's home. Fisher did not initially tell police he had a firearm at the time of the incident. One of the boys told a police officer about the gun, and Fisher eventually admitted having a gun.

The State filed a trial information charging Fisher with twelve total counts, including four counts of going armed with intent in violation of Iowa Code section 708.8 (2024), four counts of assault while displaying a dangerous weapon in violation of Iowa Code sections 708.1(2)(c) and 708.2(3), and four counts of false imprisonment in violation of Iowa Code section §710.7. Fisher gave notice that he intended to rely on the defense of justification at trial.

Before the trial was set to begin, Fisher waived his right to a jury trial and asked for the district court to act as factfinder. The matter proceeded to a three-day bench trial in January 2025. And in March 2025, the district court found Fisher not guilty of each count of going armed with intent and false imprisonment. But the district court found Fisher was guilty of all four counts of assault while displaying a dangerous weapon. At sentencing, the

district court imposed a two-year indeterminate prison sentence on each count of assault while displaying a dangerous weapon. Each count was ordered to run consecutively, and the district court declined to suspend the sentence in favor of probation. Fisher appeals.

## SUFFICIENCY OF EVIDENCE

We begin with Fisher's claim that there is insufficient evidence that he committed assault while displaying a dangerous weapon and that he acted without justification. We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). "In conducting that review, we are highly deferential to the [factfinder's] verdict," viewing the evidence in the light most favorable to the State and upholding the verdict if supported by substantial evidence. *Id.* "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.*

## I. Assault while displaying a dangerous weapon

To convict Fisher of assault while displaying a dangerous weapon, the State was required to prove that on or about October 1, 2024, Fisher displayed a dangerous weapon toward another in a threatening manner. *See* Iowa Code § 708.1(2)(c); *see also State v. Meisheid*, 26 N.W.3d 800, 802 (Iowa 2025). "'Displayed a dangerous weapon in a threatening manner' means to show or make apparent to another person that a dangerous weapon existed so as to intimidate the other person. A firearm is a dangerous weapon." *Id.* at 803 (quoting Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 800.5 (2025)).

Here, when viewing the evidence in the light most favorable to the verdict, we find the firearm was displayed in a threatening manner. Three of

the four boys testified that they saw Fisher in possession of the firearm. One boy testified Fisher pointed the weapon directly at him and told him where to stand. Another testified Fisher was "gesturing" with the gun. The third boy testified that Fisher was waving the gun around as they crossed the street toward Fisher's house. But the fourth testified that he saw Fisher put something in his pocket but did not definitively see a firearm. Even though one boy testified to not seeing the firearm, the district court found Fisher displayed the firearm at the boys consistent with the testimony of three of them, and on appeal we do not re-weigh the evidence. *See State v. West Vangen*, 975 N.W.2d 344, 350 (Iowa 2022) ("The [factfinder] is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive." (citation omitted)). Even with one boy testifying to not seeing the gun, Fisher does not dispute having a gun during the incident. So, we find substantial evidence on this record to support the convictions on all four counts.

## II. Justification

Because Fisher properly raised justification as a defense, the State was required to also prove Fisher acted without justification. *See* Iowa Code § 704.3 ("A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any actual or imminent use of unlawful force."); *see also State v. Lawler*, 571 N.W.2d 486, 489 (Iowa 1997). The State responds that Fisher is not entitled to the justification defense because he failed to provide sufficient evidence to support considering it in the first place. *See State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020) ("The defendant bears the initial burden of producing sufficient evidence to support the instruction."). We find Fisher was not entitled to the justification defense.

5

"Reasonable force" is defined as "force and no more which a reasonable person, in like circumstances, would judge to be necessary to prevent an injury or loss and can include deadly force if it is reasonable to believe that such force is necessary to avoid injury or risk to one's life or safety or the life or safety of another, or it is reasonable to believe that such force is necessary to resist a like force or threat." Iowa Code § 704.1(1). But here there was no risk of injury or loss here. As the district court noted in its findings of fact, "Fisher 'presumed' the kids were going to do something to the neighbors' house." And he told officers he felt entitled to protect the neighbors' home. In that event, Fisher would have been entitled to the use reasonable force "to aid another in the lawful defense of the other person's rights in property." *Id.* § 704.5. But the neighbors were not themselves attempting to defend their property nor were the boys engaged in any activity which would justify a use of force. Therefore, we find Fisher did not supply sufficient evidence to be entitled to the justification defense.

Further, we find the State disproved justification beyond a reasonable doubt. Fisher's use of a firearm when none of the four boys were armed nor were they using force against him shows his use of force was unreasonable given the circumstances. *See State v. Howard*, 14 N.W.3d 763, 768 (Iowa Ct. App. 2024) (holding that Iowa's justification defense does not authorize citizens to use a gun in a fistfight.). "In other words, substantial evidence shows that [Fisher] 'escalated the level of force beyond what was reasonable under the circumstances.'" *State v. Jenkins*, No. 21-1718, 2023 WL 4759448, at *6 (Iowa Ct. App. July 26, 2023) (citation omitted). So, we conclude substantial evidence supports a determination that Fisher's conduct was not justified.

# SENTENCING

Next, we address Fisher's claim that the district court abused its discretion by declining to suspend the sentences in favor of probation and in imposing consecutive sentences. We review the sentencing order in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). We will not reverse the decision of the district court absent "an abuse of discretion or some defect in the sentencing procedure." *Id.* (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). When sentencing a criminal defendant, a court "should weigh and consider all pertinent matters . . . , including the nature of the offense, the attending circumstances, defendant's age, character and propensities, and chances of his reform." *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019) (cleaned up). Upon review, we reject both arguments.

## I. Request for probation

While a district court is required to state the reasons for imposing a sentence, it is not required to discuss every possible factor. *See State v. Loyd*, 530 N.W.2d 708, 713-14 (Iowa 1995). When sentencing, the district court addressed the gravity of the crime, Fisher's age, the likelihood of rehabilitation, and his criminal history, which are all permissible factors for the court to rely on. Moreover, "failing to acknowledge a particular factor does not mean it was not considered". *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023).

The same is true for mitigating factors. *See id.* The district court laid out several mitigating factors in favor of the defendant but ultimately decided

that they did not outweigh the need for incarceration. A district court is "not required to specifically acknowledge each mitigating factor . . . ." *Id.* "Our task on appeal is not to second-guess the sentencing court's decision" but to determine whether the court considered an improper factor. *Damme*, 944 N.W.2d at 106. Because Fisher does not allege any improper factors were considered, we find the district court did not abuse its discretion when sentencing.

## II.    Consecutive sentences

Next, we turn to Fisher's argument that the district court abused its discretion by imposing consecutive sentences. When addressing whether the terms of incarceration should run concurrently or consecutively the district court stated:

> The question, then, for the Court, Mr. Fisher, is whether or not the sentences imposed on counts V through VIII should run consecutive or concurrent with each other. And the Court has determined that, as indicated in addition—not just through the trial testimony, but also through the testimony of the victims here today, that you have four separate and distinct victims in this case, all of whom continue to suffer the consequences of what you did.
>
> So therefore, the Court finds that the terms of incarceration just imposed should be served consecutive to each other for a total term of incarceration not to exceed eight years. The Court finds that to run the terms of incarceration concurrent would unduly minimize the severity of the offenses and the impact of the offenses on the victims.

The district court is required to state on record the reasons for imposing consecutive sentences. *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024). The court is allowed to rely on the same factors given for imposing a prison term when deciding whether to impose the sentences consecutively. *Id.* at 458. Here the district court listed specific additional

factors it was relying on to impose the sentences consecutively, namely the seriousness and gravity of the offense and the attending circumstances of the crime. *See State v. Millsap*, 704 N.W.2d 426, 435 (Iowa 2005).

## CONCLUSION

We affirm, finding sufficient evidence supports Fisher's convictions and that the district court did not abuse its discretion in fashioning his sentences.

**AFFIRMED.**